METSO PAPER, INC.,

    Plaintiff,

    v.        Case No. 06-C-1170

ENERQUIN AIR INC.,

    Defendant.

**DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT**

### I. PROCEDURAL BACKGROUND

This patent infringement action was commenced on November 13, 2006, when the plaintiff, Metso Paper Inc. ("Metso"), filed a complaint against the defendant, Enerquin Air Inc. ("Enerquin"), alleging that Enerquin is infringing on Metso's U.S. Patent Nos. 4,905,380, 5,163,236, and 6,105,277 (collectively referred herein as the "patents"). On January 5, 2007, Enerquin filed a "Motion to Dismiss for Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) or, in the Alternative, to Quash Service, and for a More Definitive Statement Pursuant to Fed. R. Civ. P. 12(e)." [1]

In its reply brief filed on February 1, 2007, Enerquin concedes that Metso's post-motion activities have effectively cured the alleged improper service of process that was the subject of Enerquin's motion to dismiss or quash service, and that this portion of the motion is now moot. Such being the case, the only issue to be decided by the court is whether Enerquin's motion for a more

---

[1] The defendant's motion seeks "a more *definitive* statement." However, the relief available under Rule 12(e) is "a more *definite* statement." In this decision the court will refer to the defendant's motion as a motion for a more *definite* statement.

definite statement should be granted or denied. That motion is now fully briefed and is ready for resolution. For the reasons which follow, Enerquin's motion for a more definite statement will be denied.

## II. DISCUSSION

Enerquin argues that Metso's complaint fails to sufficiently identify the Enerquin products which it alleges infringe on its patents. Enerquin contends that without this more specific information, it cannot reasonably formulate a response to the allegations in the complaint. As a result, Enerquin seeks an order under Fed. R. Civ. P. 12(e) for a more definite statement of the claims against it. (Def.'s Br. at 3.)

Fed. R. Civ. P. 12(e) provides:

> (e) Motion For More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Enerquin points to paragraphs 3 and 11 of Metso's complaint to demonstrate that the complaint fails to make reference to the specific products which allegedly infringe upon Metso's patents, and fails to make reference to the specific claims of the patents which are allegedly infringed upon by Enerquin's products:

> 3.  Upon information and belief, Defendant transacts and/or has transacted business within this judicial district and is subject to the jurisdiction of this Court, having made, used, offered for sale, and/or sold in this judicial district and elsewhere in the United States, and/or import and/or have imported into this judicial district and/or elsewhere in the United States, *certain blow boxes* used in the manufacture of paper and board.

2

> . . . .
>
> 11.     On information and belief, Defendant has been and still is infringing, and/or is actively inducing or contributing to the infringement by Defendant's customers in violation of 35 U.S.C. § § 271(a), (b) and/or (c) of the '380 patent by making, using, offering for sale, and/or selling within the United States, and/or by importing into these United States, *certain blow boxes* embodying the invention in the '380 patent, and will continue such infringement unless enjoined by this Court. *These blow boxes are those referred to in paragraph 3, above.*

(Complaint at ¶¶ 3, 11) (emphasis added.)

Enerquin argues that the complaint fails to provide an indication as to which Enerquin products are encompassed within the phrase "certain blow boxes."[2] As such, the complaint fails to sufficiently identify the products which Metso alleges infringe on the patents. Enerquin contends that Metso should not be permitted to have a vague, open-ended complaint when Metso knows exactly which Enerquin products it presently believes infringe on its patents. According to Enerquin, allowing this complaint to stand would unreasonably force Enerquin to speculate as to which products are the subject of this suit, leading to unnecessary discovery disputes and inefficient resolution of this action. Moreover, Enerquin contends that it would be unable to frame a responsive pleading without the risk of prejudice in the absence of an indication of which of its products allegedly infringe on the patents. (Def.'s Reply Br. at 2.)

Enerquin cites *Bay Indus., Inc. v. Tru-Arx Mfg., LLC* to support its position that Rule 12(e) relief is appropriate in patent infringement cases "where the complaint fails to identify any allegedly

---

[2]Blow boxes, as described by the plaintiff in its brief, are components of a large paper making machine that makes an endless sheet of paper or board that travels at a high speed, on or near very large spinning rollers. A blow box is a box-shaped volume that blows one or more jets of air, either in or out of the box-shaped volume. A blow box is used to cause the web of paper to travel in a desired direction by applying the jet of air to a portion of the web. Metso contends that Enerquin does not make entire paper-making machines, but rather only the blow boxes. Metso does make entire paper making machines, including blow boxes. (Pl.'s Br. at 4.)

3

infringing product or at least set forth a limiting parameter." 2006 U.S. Dist. LEXIS 86757, *2 (E.D. Wis. 2006); *see also Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 U.S. Dist. LEXIS 20723, *16 (S.D.N.Y. 2004) ("[defendant] is entitled to know which of its products or services are alleged to have infringed [plaintiff's] patents and a more definite statement setting forth that information is appropriate."); *eSoft, Inc. v. Astaro Corp.*, 2006 U.S. Dist. LEXIS 52336, *4 (D. Colo. 2006) ("Defendant cannot realistically be expected to frame a responsive pleading without risk of prejudice in the absence of any indication as to which of its products are accused."). In *Bay Indus.*, the complaint alleged that:

> On information and belief, [defendant] sells extruded aluminum cladding for entry door frames and garage door frames of various sizes and configurations. *Certain of these products are at issue in this case* (the "Infringing Products").

2006 U.S. Dist. LEXIS 86757 at *2 (emphasis added). In granting the plaintiff's motion for a more definite statement, the court in *Bay Industries* noted that "[n]o other statement in the complaint refers directly to [defendant's] products, and none of the allegedly infringing products are specifically identified." *Id*. Moreover, the court reasoned that "by failing to identify any allegedly infringing product or to set forth a limiting parameter, plaintiff in effect is requiring defendant to compare its approximately 40 products to at least 20 claims of the '433 patent in order to formulate a response." *Id*. at *6. The court found this to be "an unreasonable burden on defendant, especially in light of the fact that in a patent infringement case the plaintiff bears the burden of proof." *Id*.

Further, the court noted that "[a] more definite statement will also focus the discovery process and expedite the case in an economical manner." *Id*. The court reasoned that "[w]ithout a more definite statement of the complaint, plaintiff may seek discovery of [defendant's] entire line of products, which will engender controversies over the proper boundaries of discovery. *Id*.

4

In response, Metso argues that Rule 12(e) "is designed to strike at unintelligibility, not lack of detail." *Hernandez v. City Wide Insulation of Madison, Inc.*, 2006 U.S. Dist. LEXIS 67518, *2 (E.D. Wis. 2006). Metso also notes that "[t]he purpose of Rule 12(e) is to 'enable the moving party to prepare a responsive pleading, if one is required, by guaranteeing adequate notice of the opposing claims or contentions.'" *Bukovcan v. Ruh*, 2006 U.S. Dist. LEXIS 94313, *2 (E.D. Wis. 2006) (quoting *Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984). "A motion under Rule 12(e) is proper only when the pleading to which it is addressed is so vague that it cannot be responded to." *Hernandez,* 2006 U.S. Dist. LEXIS at *2 (quotations omitted).

Metso also argues that granting Enerquin's motion for a more definite statement would run contrary to the principles of notice pleading embodied in the Federal Rules of Civil Procedure; specifically, Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e), which states that "[e]ach averment of a pleading shall be simple, concise, and direct."

Metso contends that the complaint, together with Enerquin's knowledge of its own products, and together with the parties' pre-litigation correspondence, provide sufficient detail of Metso's claims so as to allow Enerquin to be able to respond thereto. Metso argues that the complaint sufficiently identifies the infringing product, namely as "blow boxes used in the manufacture of paper and board." (Pl.'s Br. at 6-7.) Further, Metso argues that the phrase "blow boxes used in the manufacture of paper and board" creates a limiting parameter and identifies an infringing product. Metso also contends that the complaint adequately describes the means by which the defendant allegedly infringes on the patent, specifically "by making, using, offering for sale, and/or selling

5

within the United States, and/or by importing into these United States, certain blow boxes embodying the invention in the '380 patent." (Pl.'s Br. at 6; Compl. ¶ 11.)

Moreover, Metso argues that pretrial discovery should be used to provide details of its claim, rather than having the court require a more definite statement. Metso notes that "[b]ecause of the many discovery procedures presently available to litigants in federal courts, district judges are admonished to exercise their discretion sparingly in ordering more definite statements." *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis. 1985); *see also Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999) ("Motions for a more definite statement are viewed with disfavor, and are rarely granted.").

Metso asserts that Enerquin's motion is in actuality a litigation tactic designed to limit the scope of the litigation to one machine at one location. (Pl.'s Br. at 8.) In that regard, Metso points out that the parties, in late 2005, engaged in pre-litigation correspondence regarding the installation of Enerquin SynerRun blow boxes (which allegedly infringed on Metso's patents) in a Valliant 2 Machine located in Valliant, Oklahoma. Metso contends that Enerquin responded to the infringement allegation in February 2006 with a 7-page detailed analysis of the patent claims with respect to Metso's infringement charge, including an additional 5 pages of drawings. Further, Metso notes that in November 2006, Enerquin's counsel wrote a letter to Metso regarding the Valliant 2 Machine and, in that letter, identified the particular claims of three of Metso's patents that were allegedly infringed. (Pl.'s Br. at 5.) Metso argues that it is entitled to full discovery from Enerquin in order to identify all of the locations where Enerquin's allegedly infringing blow boxes are installed, and that this information is entirely within the custody and control of Enerquin. According

to Metso, Enerquin knows the details of its products, how they are installed, and how these products work in paper-making machines.

In response, Enerquin argues that federal notice pleading in the context of patent infringement cases is distinguishable from that in other types of cases. Specifically, Enerquin notes that in patent cases, Rule 12(e) relief is appropriate where the complaint fails "to identify any allegedly infringing product or at least set forth a limiting parameter." Such being the case, Enerquin argues that, because none of the cases cited by Metso were in the context of patent infringement, these cases are inapplicable to the issue at hand.

Enerquin also argues that Metso should have stated that its basis for bringing suit was its investigation of the Valliant 2 Machine. Without this specific detail, Enerquin contends that Metso's complaint is completely ambiguous as to whether its infringement claims are directed solely to Enerquin's SynerRun box or to other types of blow boxes manufactured by Enerquin. In regards to whether the term "used in the manufacture of paper and board" is a limiting parameter, Enerquin argues that this fails to serve as a limiting parameter because all of Enerquin's blow boxes are used in the manufacture of paper and board.

Furthermore, Enerquin argues that "certain blow boxes" fails to identify the allegedly infringing product. Enerquin contends that it is entitled to know whether Metso is directing its allegation towards one, some, or all of the blow boxes manufactured by Enerquin. According to Enerquin, without this more specific information it is entirely unreasonable for Enerquin to be expected to formulate a response to Metso's allegations. (Def.'s Reply Br. at 5.) To be sure, Enerquin acknowledges that it could respond to the present allegations of the complaint by comparing all of its blow boxes to all of the 63 claims of the three patents, which Metso has

7

described as being "extremely long" and "detailed." (See Pl.'s Br. at 5.) However, Enerquin maintains that to require it to do so would place an unreasonable burden upon it, especially given that Metso is fully aware of the Enerquin products for which it has conducted a Rule 11 investigation prior to bringing suit.

With certain exceptions (see Fed. R. Civ. P. 9), the general principles of Rule 8 notice pleading are applicable to all federal cases, regardless of the type of the case. The purpose of Rule 12(e) is to provide a party some relief in that rare case when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "However, such a motion should not be granted if the complaint complies with the 'short and plain statement' of Federal Rule of Civil Procedure 8 because the "aim of Rule 12(e) is to remedy unintelligible pleadings, not to correct for lack of detail. [Rule 12(e) motions] are generally disfavored and are not intended as a substitute for the 'normal discovery process.'" *Columbia Ins. Co. v. Brown Shoe Co., Inc.*, 233 F.R.D. 250, 251 (D. Conn. 2005).

To be sure, the phrase "certain blow boxes" is somewhat imprecise and does not specifically identify which of Enerquin's blow boxes are at issue. However, Enerquin is aware of the SynerRun blow box in the paper making machine in Valliant, Oklahoma, and has corresponded with Metso regarding the details of Metso's patent claims with respect thereto. Moreover, Enerquin has apparently conducted an analysis of Metso's patents, and compared Metso's patent claims to the design of its SynerRun blow box. Such being the case, Enerquin is on notice that this particular blow box design at this location is one of the products at issue in the complaint, despite the facially imprecise wording of "certain blow boxes" in the complaint.

8

Furthermore, Enerquin is on notice that this single blow box is not necessarily the only blow box being referenced in the complaint. Indeed, Metso argues that although it has identified the one allegedly infringing blow box in Oklahoma, it does not have the requisite knowledge to specifically identify other Enerquin blow boxes which may also infringe on its patents.

It's a somewhat close call, but having given due consideration to the arguments of the parties, I conclude that Enerquin can reasonably formulate a response to the allegations set forth in Metso's current complaint. Simply stated, the language of Metso's complaint, in combination with the pre-litigation correspondence between the parties, leads me to the conclusion that Enerquin has received sufficient notice of Metso's claims to allow it to frame a response thereto. Unlike the defendant in *Bay Indus.*, Enerquin has already conducted a preliminary analysis of the patents at issue, has been notified of a specific product which allegedly infringes on these patents, and has compared these patents to the specific blow box product. Moreover, Enerquin is aware that the products at issue are not simply the SynerRun blow box in the paper making machine in Valliant, Oklahoma, but rather all of its blow boxes "embodying the invention in the '380 patent." Under these particular circumstances, formulating a response should not place an unreasonable burden on defendant.

There is one final matter to address. Enequin argues that ordering a more definite statement will help to focus the discovery process on the appropriate products and limit potential controversies in discovery. Although judicial efficiency is a consideration in addressing a Rule 12(e) motion, the main purpose of Rule 12(e) is not to focus discovery. Even under Rule 12(e), Metso is only required to provide enough detail to allow Enerquin to answer the complaint. As the case progresses, pretrial discovery tools can (and no doubt will) be employed to seek more detail as to precisely which products allegedly infringe on Metso's patents.

In any event, it is not entirely clear that ordering Metso to provide a more definite statement would have any substantial impact on the efficiency of discovery. More than likely, Metso would simply reiterate the allegations of which Enerquin is already aware; namely, that Metso alleges infringement of its three patents by the SynerRun product in the Valliant machine, as well as by any other of Enerquin's blow boxes "embodying the invention in the '380 patent."

In conclusion and for all of the foregoing reasons, the defendant's motion for more definite statement will be denied.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion for more definite statement be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss be and hereby is **DENIED AS MOOT**;

**SO ORDERED** this 12th day of February 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge