UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

METSO PAPER, INC.,

    Plaintiff,

    v.                                         Case No. 06-C-1170

ENERQUIN AIR INC.,

    Defendant.

**ORDER ON PLAINTIFF'S MOTION TO DISMISS AND/OR STRIKE CERTAIN OF THE DEFENDANT'S COUNTERCLAIMS**

**I. BACKGROUND**

On March 1, 2007, the plaintiff, Metso Paper, Inc. ("Metso") filed a motion to dismiss and/or strike defendant Enerquin Air Inc.'s ("Enerquin") inequitable conduct counterclaims under Fed. R. Civ. P. 12(b)(6) and 12(f). In Enerquin's counterclaims, Enerquin alleges that each of the three patents in suit are "invalid and/or unenforceable under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and/or 112." Metso asks this court to dismiss and/or strike the counterclaims that the patents in suit are unenforceable on the grounds that these counterclaims were improperly pled.

The plaintiff's motion is fully briefed and is ready for resolution. For the reasons which follow, the plaintiff's motion to dismiss and/or strike will be denied.

**II. DISCUSSION**

At issue are Enerquin's counterclaims which allege that Metso's patents are "unenforceable." This allegation appears six times:

> 9. The claims of the '380 patent are invalid and/or unenforceable under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and/or 112.
>
> 10. Enerquin requests a declaration that each claim and/or asserted claim of the '380 patent is invalid and/or unenforceable.

(Ans. and Counterclaim ¶¶ 9-10.)

These allegations are repeated in the counterclaims regarding the '236 patent and the '277 patent. (Ans. and Counterclaim ¶¶ 16-17, 23-24.)

Metso contends that Enerquin's counterclaims alleging that the patents in suit are "unenforceable" should be dismissed and/or stricken because Enerquin has failed to plead these counterclaims with the required particularity. Metso argues that an allegation that a patent is unenforceable "means the same thing as alleging that the patent was obtained as a result of inequitable conduct," and that these types of claims require pleading with particularity under Fed. R. Civ. P. Rule 9(b). (Pl.'s Br. at 2). Under Fed. R. Civ. P. Rule 9(b): "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

The Court of Appeals for the Federal Circuit has extended the pleading requirement of particularity to apply to pleadings alleging inequitable conduct. "Inequitable conduct, while a broader concept than fraud, must be pled with particularity." *Ferguson Beauregard v. Mega Systems, LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003); *see also Hyperphrase Tech., LLC v. Google, Inc.*, 2006 U.S. Dist. LEXIS 64918, at *3 (W.D. Wis. 2006) ("Rule 9(b) pleading requirements apply to inequitable conduct allegations."); *Douglas Press, Inc. v. Int'l Gamco, Inc.*, 2004 U.S. Dist. LEXIS 7606, at *4 (N.D. Ill. 2004) ("Claims of inequitable conduct are akin to fraud and must be pled with the particularity required by Fed. R. Civ. P. 9(b).").

2

Enerquin does not dispute that claims of inequitable conduct must be pled with particularity. Rather, Enerquin argues that an allegation that a patent is "unenforceable" does not necessarily involve an allegation that Metso engaged in inequitable conduct. According to Enerquin, patents may be unenforceable independent of a finding or assertion of inequitable conduct. *See Eldon Indus., Inc. v. Vanier Mfg., Inc.*, 1990 U.S. App. LEXIS 19775, *7-8 (Fed. Cir. 1990) ("Because we hold that the '741 design patent is invalid, that patent cannot be enforced against Vanier, independently of Vanier's claim that Eldon engaged in inequitable conduct.").

Enerquin contends that it used the language "invalid and/or unenforceable" not because it alleges inequitable conduct, but rather because Enerquin is seeking a declaration of invalidity with respect to the patents in suit, and that if the court were to grant such a declaration it would necessarily follow that the patents are also unenforceable by Metso. (Def.'s Br. at 3.); *see Id.*; *Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.*, 1999 U.S. Dist. LEXIS 22252, *130 (W.D. Ken.) ("An invalid patent cannot be enforced by the inventor."). As such, according to Enerquin, its counterclaims are directed toward the invalidity of the patents-in-suit and the resulting unenforceability automatically associated therewith.

In reply, Metso argues that the use of the word "or" indicates that Enerquin is not simply alleging that the terms "invalid" and "unenforceable" mean the same thing. Rather, according to Metso, Enerquin is attempting to assert a counterclaim of inequitable conduct without setting forth any particularity by using the term "unenforceable." Metso contends that Enerquin is using the term "unenforceable" to leave open the possibility that Enerquin could later argue that the counterclaim inferentially includes an inequitable conduct claim. (Pl.'s Reply Br. at 2.)

3

Regardless of Enerquin's reasons for wanting to use the term "unenforceable," the issue of whether a claim of unenforceability must be pled with particularity turns on whether this claim necessarily implicates an allegation of inequitable conduct. If inequitable conduct is not the only potential basis for finding that a patent is unenforceable, then Enerquin does not have to plead with particularity simply because it used the term "unenforceable." I conclude that a claim can be "unenforceable" for reasons other than inequitable conduct.

To be sure, oftentimes claims that a patent is unenforceable are predicated on the grounds that the patent is unenforceable because of inequitable conduct. *See, e.g., Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359 (Fed. Cir. 2007); *Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337 (Fed. Cir. 2007); *Impax Labs., Inc. v. Aventis Pharms., Inc.*, 468 F.3d 1366 (Fed. Cir. 2006). However, inequitable conduct is not the only reason a patent may be unenforceable. *See Symbol Techs., Inc. v. Lemelson Med., Educ. & Research Found.*, LP, 429 F.3d 1051, 1052 (Fed. Cir. 2005) (patents were unenforceable under the doctrine of prosecution laches); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1213 (Fed. Cir. 1987) ("a patent may be valid and yet be rendered unenforceable for misuse or inequitable conduct.")*; M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, 439 F.3d 1335, 1344 (Fed. Cir. 2006) (treating separately unenforceability due to misuse and unenforceability due to inequitable conduct).

Given that inequitable conduct is not the only potential basis for finding a patent unenforceable, a general claim that a patent is unenforceable does not have to be pled with particularity under Fed. R. Civ. P. Rule 9(b) if inequitable conduct is not the basis for the claim. In its counterclaims, Enerquin does not assert any allegations indicating that inequitable conduct is the

4

basis of its claim of unenforceability. Indeed, in its responsive brief, Enerquin affirmatively asserts that inequitable conduct is not the basis of its claim of unenforceability.

Metso also argues that if Enerquin is simply alleging that the terms "invalid" and "unenforceable" mean the same thing, then the term "unenforceable" is redundant and should be stricken. To be sure, Enerquin's explanation for why it has included a claim for unenforceability does suggest some redundancy in the terms. However, the counterclaim as pled is not redundant. Although an invalid patent may necessarily be unenforceable, a patent may be valid but still unenforceable.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion to dismiss and/or strike be and hereby is **DENIED**.

**SO ORDERED** this 23rd day of March 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

5